Argued October 27, affirmed December 3, 1970, petition for
rehearing denied January 5, petition for review
denied February 23, 1971

# STATE OF OREGON, *Respondent, v.* DALLAS E. YARBROUGH, *Appellant.*

477 P2d 232

*J. Marvin Kuhn*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY, FORT and BRANCHFIELD, Judges.

FORT, J.

The defendant was charged in one indictment containing two counts: arson (ORS 164.020) and burning property with intent to defraud the insurer (ORS 164.100). Both charges were founded upon the burning of a dwelling house rented and occupied by the defendant. He was convicted by a jury on both charges. He appeals from the resulting judgment, assigning two errors.

The defendant purchased a fire insurance policy covering his household contents and personal belongings. He then rented a dwelling house for himself and his family. The defendant moved his furniture and

personal belongings into the new residence. Three witnesses testified that the defendant had informed them of his intent to set the dwelling and insured contents on fire in order to collect on the insurance policy. Within a week after moving into the dwelling, the dwelling and its contents were burned. Lighter fluid had been poured on the carpet and floor in the immediate vicinity of a defective wall plug. No challenge is directed to the sufficiency of the evidence to support conviction on either count.

After instructing on the elements of each offense, the court told the jury:

"The verdict forms I have before me, I think I shall read them to you or at least summarize them so you might have them in mind to begin your deliberations.

"First, there is a verdict form which finds the defendant guilty of first degree arson as charged in count one of the Indictment.

"Another verdict form finds the defendant not guilty of first degree arson as charged in the Indictment.

"A further verdict form finds the defendant guilty of burning property with intent to defraud insurer as charged in count two of the Indictment.

"A fourth verdict form finds the defendant not guilty of burning property with intent to defraud insurer as charged in count two of the Indictment. As has been indicated, the Indictment contains two counts and you are to consider each count separately and return a verdict on each. However, *it would not be possible for you to find the defendant not guilty of count one, that is, arson, and bring in a verdict of guilty on count two, which is the count having to do with intent to defraud an insurance company.*" (Emphasis supplied.)

■ The first assignment of error challenges the giving of the italicized portion of the instruction. Defendant contends that the italicized portion of the instruction told the jury they could not acquit him of arson if they found him guilty of destroying property with the intent to defraud an insurer.

On the contrary, the instruction told the jury only that if they acquitted the defendant of arson (Count I), they could not then find him guilty of burning property with intent to defraud (Count II). Obviously, this was favorable to the defendant, since in effect it simply told the jury that if it acquitted him on Count I it must also acquit him on Count II. This is not, as appellant contends, a case where we are faced with the problem of inconsistent verdicts on different counts in an indictment. See Annotation, 18 ALR3d 259 (1968); 23A CJS 1085-95, Criminal Law § 1403.

■ Instead of four possible verdict combinations, the jury was limited by the instruction to three. Four verdict forms, however, were correctly submitted to enable the jury to make their selection. No proposed instruction was requested by the defendant concerning the verdict forms. If the defendant desired clarification of the instruction given, it was his duty to point out the nature of it. In *State v. Hanna*, 1 Or App 439, 463 P2d 605 (1970), we said:

> "The verdict forms and instructions thereon clearly advised the jury of their four options. If their determination as to one crime was to be determinative of the other, only two verdict forms would have been necessary. No proposed instruction was properly presented to the court * * *.

> "We adhere to the rule that failure to give an instruction does not constitute error unless the

instruction is requested and refused. * * *" Or App at 440.

No prejudice to the defendant resulted here. The assignment is without merit.

The second assignment claims error as follows:

"MR. LONERGAN [defense counsel]: Did Your Honor send a plea of not guilty to the jury?

"THE COURT: No.

"MR. LONERGAN: I would submit under the statute which reads pleadings that that would go along with the Indictment.

"* * * * *

"THE COURT: Your request in regard to sending a written not guilty plea to the jury is denied."

Defendant relies on ORS 17.320, made applicable to criminal proceedings by ORS 136.330. The statute provides:

"Upon retiring for deliberation the jury may take with them the pleadings in the cause * * *."

In civil proceedings ORS 16.030 provides:

"The only pleadings on the part of the plaintiff shall be the complaint, the demurrer or the reply; and on the part of the defendant, the demurrer or the answer.",

and ORS 16.070 requires:

"Every pleading shall be subscribed by the party if he is a resident of the state, or by a resident attorney of the state, and, except a demurrer, shall also be verified by the party, his agent or attorney, to the effect that he believes it to be true. * * *"

Since in civil cases all pleadings must be filed with the clerk (ORS 16.040) and subscribed by the party or

his attorney (ORS 16.070), it is manifest they must be in writing.

In criminal cases ORS 132.510 provides:

"* * * [H]ereafter the forms of pleading, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by the statutes relating to criminal procedure."

ORS 135.430 provides:

"*Types of pleading.* The only pleadings on the part of the defendant are the demurrer and plea."

ORS 135.820 states:

"There are three kinds of plea to an indictment:

"(1) Guilty.

"(2) Not guilty.

"(3) A former judgment of conviction or acquittal of the crime charged, which may be pleaded either with or without the plea of not guilty."

ORS 135.830 provides:

"Every plea shall be oral and shall be entered in the journal of the court * * *."

A journal entry is not a pleading under the foregoing statutes. Here no written plea was filed or tendered by the defendant. We are of the opinion that the term "pleadings" as used in ORS 17.320 means a written instrument. Since the plea of the defendant in a criminal case "shall be oral," it follows that it cannot be "given" to the jury except as a part of the court's instructions. Here the court fully and fairly instructed the jury concerning the meaning and effect of the defendant's not guilty plea. The assignment is without merit.

The judgment is affirmed.